O

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

DEBRA PHILLIPS,            )    Case No. EDCV 10-1204-MLG
                       )
         Plaintiff,   )    MEMORANDUM OPINION AND ORDER
                       )
        v.            )
                       )
MICHAEL J. ASTRUE,       )
Commissioner of the Social  )
Security Administration,    )
                       )
         Defendant.   )
_____)

     Plaintiff Debra Phillips seeks judicial review of the Commissioner's final decision denying her application for Social Security Disability Insurance ("SSDI") benefits. For the reasons set forth below, the final decision of the Commissioner is affirmed.

### I.  Background

     Plaintiff was born on January 8, 1954 and was 55 years old at the time of the administrative hearing. (AR 15, 118.) She has completed one year of college and has work experience as a school secretary. (AR 133, 135.) Plaintiff filed her application for SSDI benefits on November 13, 2007, alleging disability as of January 30, 2001 due to carpal tunnel

1   syndrome, essential hypertension, back pain, discogenic and degenerative

2   disorders    of    the    back,    arthritis,    migraines    and    depression.

3   (Administrative Record ("AR") 118, 124.)

4        The current application was denied initially on May 19, 2008 and

5   upon    reconsideration    on    July    18,    2008.    (AR    59-62,    69-73).    An

6   administrative hearing was held on August 3, 2009 before Administrative

7   Law Judge ("ALJ") Michael D. Radensky. Plaintiff, who was represented by

8   an attorney, testified, as did a vocational expert. (AR 20-43.)

9        On October 13, 2009, ALJ Radensky denied Plaintiff's application

10  for benefits. (AR 10-17.) The ALJ found that Plaintiff had not engaged

11  in substantial gainful activity during the period from April 18, 2007[1]

12  though the date last insured of December 31, 2007.[2] (AR 12.) The ALJ

13  found that Plaintiff had the following severe impairments: back pain,

14

15

16        [1] Plaintiff had previously filed an application for benefits, which
    was denied in an unfavorable decision on April 17, 2007. (AR 44-56.)
17  Plaintiff did not appeal that decision. The principles of res judicata
    apply to administrative decisions. An earlier final determination of
18  nondisability creates a presumption of continuing nondisability with
    respect to any subsequent unadjudicated period of alleged disability.
19  *See Lester v. Chater*, 81 F.3d 821, 827 (9th Cir. 1996); *see also Miller
    v. Heckler*, 770 F.2d 845, 848 (9th Cir. 1985); *Lyle v. Secretary of
20  Health and Human Services*, 700 F.2d 566, 568-69 (9th Cir. 1983); Social
    Security Acquiescence Ruling 97-4(9). This presumption may be overcome
21  by a showing of "changed circumstances." *Chavez v. Bowen*, 844 F.2d 691,
    693 (9th Cir. 1988); *Taylor v. Heckler*, 765 F.2d 872, 875 (9th Cir.
22  1985). To show "changed circumstances," the evidence must establish that
    the    claimant    suffers    from    an    impairment    that    indicates    a    greater
23  disability since the prior decision denying benefits. *Chavez*, 844 F.2d
    at 693.  The ALJ found that Plaintiff had not overcome this presumption
24  as to her current application.

25

26        [2] Plaintiff's date last insured was December 31, 2007. In order to
    qualify for disability insurance benefits, Plaintiff was required to
27  establish that she was disabled on or before the date her insured status
    expired.  20 C.F.R. §404.131(b)(1); *Vincent ex rel. Vincent v. Heckler*,
28  739 F.2d 1393, 1394 (9th Cir. 1984); *Flaten v. Secretary of Health &
    Human Serv.*, 44 F.3d 1453, 1463 (9th Cir. 1995).

status post bilateral carpal tunnel releases, and obesity. (Id.)
However, the ALJ determined that Plaintiff's impairments did not meet or
were not medically equal to, one of the listed impairments in 20 C.F.R.,
Part 404, Subpart P, Appendix 1. (AR  13.)

      The ALJ adopted the previous ALJ decision in finding that, between
April 18, 2007 and December 31, 2007, Plaintiff retained the residual
functional capacity ("RFC") to "lift 20 pounds occasionally and 10
pounds frequently, stand and/or walk six hours in an eight-hour workday,
and sit six hours in an eight hour workday. The claimant must avoid work
at unprotected heights or work on dangerous machinery. She can
occasionally stoop, kneel, crouch, and crawl. She can never climb or
balance. She is precluded from power gripping. She is limited to a
maximum of two hours of keyboarding per day, 15 minutes at a time." (AR
13.) The ALJ determined that Plaintiff was unable to perform any past
relevant work. (AR 15.) However, the ALJ concluded, based upon the
testimony of the VE, that Plaintiff was capable of performing various
other jobs that exist in significant numbers in the national economy.
(AR 16.) Therefore, the ALJ concluded that Plaintiff was not disabled
within the meaning of the Social Security Act. 20 C.F.R. § 416.920(f).
(Id.)

      On July 28, 2010, the Appeals Council denied review (AR 1-4), and
Plaintiff timely commenced this action for judicial review. On March 22,
2011, the parties filed a Joint Stipulation ("Joint Stip.") of disputed
facts and issues, in which Plaintiff claims that (1) the ALJ failed to
properly consider lay witness testimony and (2) the ALJ failed to
properly consider a treating physician's opinion. (Joint Stip. 3.)
Plaintiff asks the Court to order an award of benefits, or in the
alternative, remand for further proceedings. (Joint Stip. 18.) The

1  Commissioner requests that the ALJ's decision be affirmed. (Id.)

2

3  **II.  Standard of Review**

4       Under 42 U.S.C. § 405(g), a district court may review the
5  Commissioner's decision to deny benefits. The Commissioner's or ALJ's
6  decision must be upheld unless "the ALJ's findings are based on legal
7  error or are not supported by substantial evidence in the record as a
8  whole." *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1990); *Parra v.*
9  *Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means
10 such evidence as a reasonable person might accept as adequate to support
11 a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Widmark*
12 *v. Barnhart*, 454 F.3d 1063, 1066 (9th Cir. 2006). It is more than a
13 scintilla, but less than a preponderance. *Robbins v. Soc. Sec. Admin.*,
14 466 F.3d 880, 882 (9th Cir. 2006). To determine whether substantial
15 evidence supports a finding, the reviewing court "must review the
16 administrative record as a whole, weighing both the evidence that
17 supports and the evidence that detracts from the Commissioner's
18 conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). "If
19 the evidence can support either affirming or reversing the ALJ's
20 conclusion," the reviewing court "may not substitute its judgment for
21 that of the ALJ." *Robbins*, 466 F.3d at 882.

22

23 **III. Discussion**

24      **A.   The ALJ Did Not Err In Failing to Discuss the Lay Witness**
25           **Report Provided by Plaintiff's Sister**

26      Plaintiff contends that the ALJ failed to properly consider the
27 written statements submitted by Plaintiff's sister, Sharon Davis. (Joint
28 Stip. 3.) On March 18, 2008, Ms. Davis completed a "Function Report –

4

Adult – Third Party" form describing Plaintiff's daily activities and other functions. (AR 156-163.) Plaintiff argues that the ALJ erred by failing to discuss this report and by failing to provide germane reasons for doing so. The Commissioner argues that any error was harmless. The Court agrees.

The testimony of lay witnesses regarding their own observations of the claimant's impairments constitutes competent evidence that must be taken into account and evaluated by the Commissioner in the disability evaluation. *Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2009); *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006). Such testimony cannot be discounted unless the ALJ gives reasons that are germane to that witness. *Carmickle v. Commissioner, Social Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008); *Stout v. Commissioner,* 454 F.3d 1050, 1053 (9th Cir. 2006) (citing *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993)); *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005); *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). "[W]here the ALJ's error lies in a failure to properly discuss competent lay testimony favorable to the claimant, a reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Stout*, 454 F.3d at 1056.

The ALJ's failure to address Ms. Davis's written statement was harmless error under *Stout*. Ms. Davis's statements about Plaintiff's symptoms were substantially similar to Plaintiff's own statements. For example, Ms. Davis noted that Plaintiff had trouble sleeping, needed assistance in bathing and dressing, and needed to be reminded to complete various tasks. (AR 157-158.) Plaintiff similarly reported that she had difficulty sleeping, had trouble dressing herself and had

1   difficulty in following directions. (AR 145-50.) Ms. Davis reported that
2   Plaintiff had  stiffness and joint pain, as well as pain in her hands
3   and wrists, which affected her ability to lift, walk, climb stairs and
4   use her hands. (TR 161.) Similarly, Plaintiff reported that her
5   impairment negatively affected her ability to lift, walk, climb stairs,
6   and use her hands. (TR 150-151.) Plaintiff's testimony at the
7   administrative hearing was largely the same as her sister's written
8   statements. (AR 21-38.)

9       The ALJ fully addressed Plaintiff's subjective testimony and
10  discounted it as not fully credible, a finding which Plaintiff does not
11  challenge here. (AR 14-15.) Thus, because Ms. Davis's report mirrored
12  Plaintiff's subjective testimony, this evidence did not add substantial
13  weight to Plaintiff's claim. Under these circumstances, the failure to
14  address this evidence was inconsequential to the ultimate determination
15  of non-disability. *Stout*, 454 F.3d at 1055. *See, e.g., Genovez v.*
16  *Astrue*, 2011 WL 92995, at *2 (C.D.Cal. 2011) (the failure to address lay
17  witness testimony was harmless because the testimony was substantially
18  similar to the statements made by the claimant); *Lonian v. Astrue*, 2010
19  WL 4916605, at *4 (C.D. Cal. 2010) (the ALJ did not err by failing to
20  discuss a letter submitted by two lay witnesses where the statements
21  were similar to the claimant's own testimony).

22      In addition, unlike lay *testimony*, there is no controlling
23  precedent requiring an ALJ to explicitly address *written* statements,
24  such as the "Function Report – Adult – Third Party" form in this case.
25  Indeed, it is clear that an ALJ is not required to discuss all evidence
26  in the record in detail. *Howard v. Barnhart*, 341 F.3d 1006, 1012 (9th
27  Cir. 2003).  Accordingly, Plaintiff's claim is without merit.
28  //

**B.    The ALJ Properly Considered the Opinion of Plaintiff's Treating Physician**

Plaintiff contends that the ALJ erred by rejecting a "Multiple Impairment Questionnaire" dated May 11, 2007, which was completed by Plaintiff's treating physician, Dr. John R. Sharpe, M.D. (Joint Stip. 9.) The report provides various observations regarding Plaintiff's impairments and symptoms as well as her ability to complete work-related tasks. (AR 201-208.) In discussing Dr. Sharpe's report, the ALJ stated as follows:

> The undersigned has reviewed the multiple impairment questionnaire signed on May 11, 2007 by Dr. John Sharpe, M.D., a family practitioner. Dr. Sharpe stated in that questionnaire that his responses were based on an examination done on October 3, 2006 and that he had not seen the claimant since that time. This is the only medical evidence submitted in connection with the current claim which is dated between April 18, 2007 and December 31, 2007 but it relates to an examination that predated the Administrative Law Judge decision.

(AR 13.)

It was proper for the ALJ not to accord significant weight to Dr. Sharpe's report because he had not treated Plaintiff since October 3, 2006, more than seven months prior to the date of the report and prior to the relevant time period of April 18, 2007 through December 31, 2007. Moreover, because Dr. Sharpe had not examined Plaintiff since October 3, 2006, a time covered by the previous unfavorable ALJ decision, the ALJ properly determined that Dr. Sharpe's report was not relevant to determining disability within the relevant period of April 18, 2007

7

through December 31, 2007.

Plaintiff contends that, if the ALJ was unsure whether this was a valid and current opinion as of May 11, 2007, the date of the report, the ALJ had a duty to re-contact Dr. Sharpe. (Joint Stip. 13.) A disability applicant bears the burden of proving disability and must provide medical evidence demonstrating the existence and severity of an alleged impairment. *See Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001); 42 U.S.C. § 423(d)(5)(A); 20 C.F.R. § 416.912©. Nonetheless, an ALJ has a "duty to develop the record fully and fairly and to ensure that the claimant's interests are considered, even when the claimant is represented by counsel." *Mayes*, 276 F.3d at 459. An ALJ's duty to augment an existing record is triggered "only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Id*. (citing *Tonapetyen v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001)).

Contrary to Plaintiff's contention, the ALJ had no duty to re-contact Dr. Sharpe because there were no ambiguous or inadequate medical records which would trigger the ALJ's duty to further develop the record. Rather, Dr. Sharpe's form unequivocally stated that he had not examined Plaintiff since October 3, 2006 (TR 201), a date outside of the relevant disability period. If medical records existed that were relevant to the period of disability, either Plaintiff herself or her attorney could have procured these records, rather than expecting the ALJ to do so. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987)("It is not unreasonable to require the claimant, who is in a better position to provide information about his own medical condition, to do so."); *Duenas v. Shalala*, 34 F.3d 719, 722 (9th Cir. 1994).

//

Moreover, Dr. Sharpe's assessments of Plaintiff's impairments and ability to complete work-related tasks was contradicted by the opinions of the examining consultative physicians. The ALJ properly relied upon the opinions of the examining consultative physicians, Drs. Keith J. Wahl, M.D., S. Khan, M.D., and F. Kalmar, M.D., each of whom "opined that the evidence submitted with the current application did not document any additional impairment or worsening of impairments since the claimant's date last insured" of December 31, 2007. (AR 14, 264-266, 267-278, 279-280.) The opinion of an examining physician can constitute substantial evidence when the opinion is consistent with independent clinical findings or other evidence in the record. *See Thomas v. Barnhart*, 278 F.3d 948, 957 (9th Cir. 2002).

In sum, the ALJ accorded proper weight to Dr. Sharpe's opinion, and therefore Plaintiff is not entitled to relief on this issue.

**IV.  Conclusion**

For the reasons stated above, the decision of the Social Security Commissioner is **AFFIRMED**.

DATED: March 31, 2011

_____
Marc L. Goldman
United States Magistrate Judge